## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAYMOND ROLAND COLLETTE,

Defendant.

No. 8:12-CR-319-T-17EAJ

## NON-PARTY GOOGLE INC.'S MOTION TO QUASH
## WITNESS SUBPOENA AND MEMORANDUM IN SUPPORT

### I.      INTRODUCTION

Fed. R. Evid. 902(11) is intended to obviate the need for a live witness to authenticate business records in federal trials.  To that end, Google Inc. ("Google") has provided the government with 902(11) declarations to authenticate and admit certain of its business records that the government intends to use at the trial rescheduled in this matter for an unknown date[1].  Nevertheless, the government has served non-party Google with a witness subpoena to authenticate its business records at trial (hereafter, the "Witness Subpoena").  *See* Declaration of Gigi C. Hoang in Support of Non-Party Google Inc.'s Motion to Quash Witness Subpoena ("Hoang Decl"), ¶ 3, Ex. A.  Despite the dictates of Rule 902(11), the Witness Subpoena purports to demand that Google produce a records custodian who can provide testimony on information that is well within

---

[1] The Witness Subpoena commands appearance for trial on November 5, 2012.  The AUSA has informed Google that the trial date will not begin on November 5, 2012 and Google has not been informed of the rescheduled date.

the ambit of information covered by Rules 803(6) and 902(11).  For these reasons and those described in further detail below, Google respectfully submits that the Witness Subpoena should be quashed because Google's business records can be authenticated and admitted without live testimony, thus rendering the Witness Subpoena unreasonable and oppressive.  *See* Fed. R. Cr. P. 17(c)(2).

## II.      FACTUAL BACKGROUND

The motion relates to the authenticity of documents Google produced pursuant to two Search Warrants for production of registration and IP information and content.

On September 26, 2012, Google received two Search and Seizure Warrants ("Search Warrants") from U.S. Magistrate Judge Anthony E. Porcelli regarding two Gmail accounts:  1)  *APRILLOVE100* and 2)  *STINGRAY327727*.  Hoang Decl. ¶¶ 4, 6, Exs. B, D.  More specifically, the Search Warrants required Google to disclose the following information for each account:

> (a)      All records or information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, alternative email address, records of session times and durations, the date on which the account was created, the length of service, the types of service utilized, the IP address used to register the account, log-in IP addresses associated with session time and dates, account status, alternative e-mail address provided during registration, methods of connecting log files, and means and sources of payment (including any credit or bank account number).

> (b)      the contents of all emails associated with that particular email account, located on any Google servers;

(c)    All records or other information stored by an individual using the account, including address books, contact and buddy lists, pictures, and files;

(d)    All records pertaining to communications between Google and any person regarding the account, including contacts with support services and records of actions taken.

*Id.*

Google conducted a diligent search for documents and information accessible on Google's systems that are responsive to the requests in the Search Warrants and informed Special Agent Terri Botterbusch ("SA Botterbusch") of the United States Department of Homeland Security, Homeland Security Investigations that the Gmail account *STINGRAY327727*, as specified in the Search Warrant, has been deleted and that Google would no longer be able to extract the information requested in the Search Warrant. *Id.* at ¶ 6, Ex. C.  Google also provided a signed Certificate of Authenticity. *Id.*

On October 3, 2012, Google wrote SA Botterbusch and provided responsive information, to the extent reasonably accessible from its system, regarding Gmail account *APRILLOVE100*, as specified in the Search Warrant. *Id.* at ¶ 7, Ex. E.  Along with the production of the responsive document, Google provided a declaration of a custodian in compliance with Federal Rule of Evidence 902(11). *Id.*

On October 5, 2012, Google received the Witness Subpoena, which demands the attendance of a witness (or witnesses) at the trial in this matter to authenticate the documents produce by Google in response to the Search Warrants.  Hoang Decl. ¶ 3, Ex. A.

AUSA Amanda Kaiser spoke with Google's counsel on a number of occasions to discuss the possibility of Google authenticating its business records by declaration under FRE 803(6) and 902(11). *Id.* ¶ 8, Ex. F. Despite Google's explanation that its Business Records Certification should suffice for authentication issues and attempts to resolve this matter without the Court's intervention, the AUSA indicated that a 902(11) declaration in lieu of live testimony will not be sufficient and that the defendant will not stipulate to the authenticity of the records. *Id.* The ASUSA further informed Google's counsel that the underlying trial would not begin on November 5, as indicated in the Witness Subpoena, but could conceivably commence as early as the following week, November 13, 2012. *Id.* On October 31, 2012, Google's counsel sought more information regarding the specific questions the AUSA will ask Google's records custodian during trial to determine whether another witness needed to be located and prepared. *Id.* The AUSA responded that she will discuss the testimony once the parties received a firm date for trial. *Id.* After one week, on November 7, 2012, Google's counsel left a voicemail for the AUSA regarding the Witness Subpoena. *Id.* To date, the AUSA has not contacted Google regarding any scheduled trial or appearance date. *Id.*

Based on the AUSA's representations, Google waited as long as it could before filing its motion to quash the Witness Subpoena. Given that trial may begin as soon as early as November 13, 2012, Google respectfully asks the Court to find that the personal appearance of its records custodian for authentication purposes is unreasonable and oppressive and to quash the Witness Subpoena as Google's business records can be

authenticated and admitted without live testimony pursuant to Federal Rules of Evidence §§ 803(6) and 902(11).

### III.   ARGUMENT

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), "the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., United States v. Bergeson,* 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)); *U.S. v. Weldon*, No. CRIM.A. 05-45-DLB, 2006 WL 905932, at *1 (E.D. Ky., Apr. 7, 2006) ("the Court has the inherent authority to review the propriety of trial subpoenas.").

**A.   The Testimony Contemplated by the Witness Subpoena is Duplicative and Unnecessary**

Federal Rule of Evidence 803(6) provides an exception to the hearsay rule for records of regularly conducted activity "as shown by the testimony of the custodian or other qualified witness, *or by certification that complies with Rule 902(11)....*" (emphasis added).

Federal Rule of Evidence 902(11) provides that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> **(11) Certified Domestic Records of Regularly Conducted Activity.**—The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record—

**(A)** was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

**(B)** was kept in the course of the regularly conducted activity; and

**(C)** was made by the regularly conducted activity as a regular practice.

A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

In the case at bar, there can be no dispute that the documents produced by Google in response to the Search Warrants are business records under Rule 803(6). There can also be no dispute that the declarations that accompanied Google's production in response to the Search Warrants are in compliance with Federal Rule 902(11). Therefore, the documents produced by Google have been authenticated and the government's request for further testimony as to their authenticity is duplicative and unreasonable. *U.S. v. Yeley-Davis*, 632 F.3d 673, 677-81 (10th Cir. 2011) (rejecting Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11) declaration from Verizon's records custodian); *United*

41063-0002/LEGAL25011578.1

*States v. Green,* 396 Fed. Appx. 573, 574-75, 2010 WL 3401485, at *2 (11th Cir. 2010)

(same as to declaration from Metro PCS custodian) (unpublished).[2]

Indeed, to enforce the government's Witness Subpoena and compel Google to

send a witness to provide live testimony on these issues would defeat the very purpose

for which Rule 902(11) was enacted, for as noted by one of the drafters of the rule:

> One of the most useful (though perhaps least noticed) accomplishments of the Judicial Conference's Advisory Committee on the Rules of Evidence during this Court's tenure as its Chairman was in adding a new Rule 902(11) to the self-authentication provisions of Rule 902.  That new provision was intended to obviate the need for live witnesses to parade to the stand to support the admission into evidence of business records.

*United Asset Coverage, Inc. v. Avaya Inc.,* 409 F. Supp. 2d. 1008, 1052 (N.D.

Ill. 2006).[3]

---

[2] *Cf. U.S. v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (requiring records custodians "to make themselves available for cross-examination in the countless criminal cases heard each day in our country would present a serious logistical challenge without any apparent gain in the truth-seeking process") (internal quotation marks omitted); *U.S. v. Marshall*, No. 07-20569-CR, 2008 WL 2474662, at *2 (S.D. Fla. June 17, 2008) (ordering "issuance of a subpoena to the records custodian of Yahoo, accompanied by an appropriate Affidavit for the records custodian to complete to establish the authenticity of these [email] records to obviate the need for the appearance of the records custodian at trial."); *U.S.. v. Doolittle*, 341 F. Supp. 163, 169 (M.D. Ga. 1972) (quashing witness subpoena where the only possible relevant testimony would involve ministerial matters already covered by an affidavit before the court), *judgment aff'd*, 507 F.2d 1368 (5th Cir. 1975), *on reconsideration*, 518 F.2d 500 (5th Cir. 1975) *and cert. dismissed*, 423 U.S. 1008, 96 S. Ct. 439, 46 L. Ed. 2d 380 (1975); *see also* 7 Fed. Proc. Forms § 20:485 ("a subpoena to testify may be quashed where . . . the only possible relevant testimony would involve material already covered by an affidavit before the court").
[3] *See also Lorraine v. Markel American Insurance Co.,* 241 F.R.D. 534, 552 (D. Md. 2007) ("Rule 902(11) also is extremely useful because it affords a means of authenticating business records under Rule 803(6), one of the most used hearsay exceptions, without the need for a witness to testify in person at trial"); *DirecTV, Inc. v. Reyes*, No. 03 C 8056, 2006 WL 533364, at *3 (N.D. Ill. Mar. 2, 2006) ("The purpose of Rule 902(11) . . . is to establish a 'procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness.'") quoting Advisory Committee Notes, 2000 Amendments to Rule 902.

41063-0002/LEGAL25011578.1

For these reasons, Google respectfully submits that its business records can be authenticated and admitted without live testimony, thus rendering the Witness Subpoena unreasonable and oppressive. *See* Fed. R. Cr. P. 17(c)(2).

**B.      The Burden Imposed on Google by Complying With the Witness Subpoena Outweighs the Government's Need for Testimony**

In assessing whether to enforce a witness subpoena issued pursuant to Federal Rule of Criminal Procedure 17, it is useful to look to precedent under Federal Rule of Civil Procedure 45, since the two are "substantially the same." *See* Advisory Committee Notes, 1944 Adoption of Rule 17.

When assessing a motion to quash a subpoena issued pursuant to Federal Rule of Civil Procedure 45, "the test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 45.32 (3d ed. 2007) citing *Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 377 (5th Cir. 2004); *see also Schaaf v. SmithKline Beecham Corp.,* No. 3:06-CV-120-J-25TEM, 2006 WL 2246146, at *2-3 (M.D. Fla. Aug. 4, 2006) (applying balancing test in quashing non-party subpoena).

The government cannot demonstrate any interest in enforcing the Witness Subpoena beyond proving that which has already been proven:  the documents produced by Google are authentic business records under Federal Rules of Evidence 803(6) and 902(11).

Google, on the other hand, can demonstrate a significant interest in opposing the Witness Subpoena.  Specifically, Google maintains a dedicated team for responding to

legal process and receives literally tens of thousands of requests for assistance on an annual basis. *See* Hoang Decl. ¶ 2.  These requests run the gamut from national security matters, kidnappings and other emergencies, to routine civil and criminal demands for records.  *Id.*  Numerous courts throughout the country have accepted Google's declarations of authenticity for business records pursuant to Rule 902(11).  *Id.*  If courts suddenly refused to accept Google's declarations of authenticity, and Google was therefore forced to send a witness (or witnesses) to attend each and every criminal trial in which its business records are offered as evidence, it would be simply impossible for Google to sufficiently staff its team in order to comply with all of its legal obligations. *Id.*

Accordingly, when the government's tenuous interest in enforcing the Witness Subpoena is weighed against non-party Google's interest in seeing that it is not enforced, the balance favors Google.

## IV.    CONCLUSION

For the reasons stated, Google respectfully submits that the Witness Subpoena is unreasonable and oppressive and requests that it be quashed in its entirety.

Respectfully submitted,

/s/ Matthew L. Ransdell
Matthew L. Ransdell
Florida Bar No. 0070390
Greenberg Traurig, P.A.
625 East Twiggs Street, Suite 100
Tampa, Florida  33602
Telephone:  813.318.5700
Facsimile:  813.318-5900
Email:  randsdellm@gtlaw.com
*Attorneys for Google Inc.*

Dated: November 8, 2012

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 8, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Amanda C. Kaiser
Email: amanda.kaiser@usdoj.gov
U.S. Attorney's Office
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:  813-274-6000
Facsimile:   813-274-6108
*Attorneys for the United States*

Yvette Clair Gray
Email: yvette_gray@fd.org
Jenny L. Devine
jenny_devine@fd.org
Federal Public Defender's Office
Suite 2700
400 N. Tampa Street
Tampa, Florida 33602-4726
Telephone:  813.228.2713
Facsimile:   813.228.2562
*Attorneys for Defendant*

/s/ Matthew L. Ransdell
Attorney